Citation Nr: 1339291 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 11-30 992 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include Post-Traumatic Stress Disorder (PTSD) with Major Depressive Disorder (MDD).

2. Entitlement to service connection for fibromyalgia, claimed as secondary to an acquired psychiatric disorder, to include PTSD with MDD.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Michael J. Adams, Associate Counsel


INTRODUCTION

The Veteran has active service from March 1973 to May 1973.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office in Wichita, Kansas (RO).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran contends that she has an acquired psychiatric disorder, to include PTSD, as a result of a personal assault during active duty service. Specifically, she reported that she was raped by 10-15 men in April 1973 prior to her discharge in May 1973. The Veteran has asserted that following the incident she went AWOL and tried to kill herself by overdosing on aspirin. She stated that she did not report the incident to anyone. Service personnel records reflect that the Veteran did go AWOL on April 16, 1973 and service treatment records reflect that she was treated for an aspirin overdose on April 19, 1973. Service treatment records also reflect that the Veteran was treated for abdominal pain and vaginal discharge on April 25, 1973, with negative pathology. It was also noted on her discharge assessment that the Veteran had requested reassignment. While the Board acknowledges that the Veteran has not been the most accurate historian, the corroborating evidence indicates that it is more likely than not that an in-service incident occurred. Specifically, the Board finds the Veteran's suicide attempt and subsequent gynecological treatment to be highly probative. The Veteran's corroborated testimony with respect to her personal assault is sufficient to verify the stressors set forth in this case. The Board recognizes that the present case falls within the category of situations in which it is not unusual for there to be an absence of service records documenting the events of which the Veteran alleges. See, e.g., Patton v. West, 12 Vet. App. 272 (1999). In any case, the Board acknowledges that the relevant regulations stipulate that, if a PTSD claim is based on in-service personal assault, evidence from sources other than a veteran's service records may corroborate her account of the stressor incident. 38 C.F.R. § 3.304(f)(5).

The Board notes that the Veteran has not been provided a VA examination with respect to her claim. Based on the foregoing, the Veteran should be provided with a VA examination to determine the etiology and nature of her acquired psychiatric disorder, to include PTSD and MDD. The examiner should assume that the alleged personal assault during service occurred, and if so, whether any current acquired psychiatric disorder, to include PTSD and MDD, is related to a personal assault incurred in service. See McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Additionally, the Veteran has asserted that her fibromyalgia is the result of the personal assault incurred in service. The Veteran has also asserted receiving Social Security Disability benefits from 2003-2007 for fibromyalgia. There are no Social Security Administration (SSA) records currently of record. As such, these records should be obtained and associated with the claims file.

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should obtain and associate with the file all records related to the Veteran's claim for SSA disability benefits, including due to fibromyalgia, to include copies of any SSA adjudication. The RO should document all attempts to obtain these records.

2. The RO/AMC should obtain all records from the Leavenworth VAMC, and any associated outpatient clinic, dated from December 2010 to the present. All attempts to obtain records must be documented in the claims file.

3. After the foregoing development is completed, provide the Veteran with a VA examination to determine the existence and etiology of all acquired psychiatric disorders, including PTSD and MDD. A copy of this Remand and the entire claims file, to include all electronic records, must be made available to and reviewed by the VA examiner. The examiner should conduct a complete history and diagnose any psychiatric disorders. The examiner should provide an opinion as to whether the Veteran has symptomatology that meets the diagnostic criteria for PTSD. If PTSD is diagnosed, the examiner must identify the specific stressor(s) underlying any PTSD diagnosis. The examiner should offer an opinion as to whether it is at least as likely as not (50 percent probability or more) that any diagnosed psychiatric disorder is etiologically related, at least in part, to the in-service stressors claimed by the Veteran or to any other incident during the Veteran's service. All necessary diagnostic testing should be conducted and commented upon by the examiner. All opinions should be supported by a clear rationale, which should include a discussion of the specific evidence on which the opinion is based.

4. Provide the Veteran with a VA examination to determine the existence and etiology of fibromyalgia. A copy of this Remand and the entire claims file, to include all electronic records, must be made available to and reviewed by the VA examiner. The examiner should conduct a complete history. The examiner should provide an opinion as to whether the Veteran has symptomatology that meets a diagnosis of fibromyalgia. If fibromyalgia is diagnosed, the examiner should offer an opinion as to: 

* Whether it is at least as likely as not (50 percent probability or more) that the Veteran's fibromyalgia is etiologically related, at least in part, to service, to include the in-service stressors claimed by the Veteran or to any other incident during the Veteran's service; as well as 

* Whether it is at least as likely as not (50 percent probability or more) that the Veteran's fibromyalgia is proximately due to, or chronically aggravated by any existing psychiatric disability. 

All necessary diagnostic testing should be conducted and commented upon by the examiner. All opinions should be supported by a clear rationale, which should include a discussion of the specific evidence on which the opinion is based.

5. The RO must notify the Veteran that it is her responsibility to report for the examinations and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2013). In the event that the Veteran does not report for any of the aforementioned examinations, documentation must be obtained which shows that notice scheduling the examination was sent to the Veteran's last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

5. After completing all appropriate development, the RO must readjudicate the issues on appeal. If any benefit sought on appeal remains denied, the Veteran and her representative must be furnished a supplemental statement of the case and be given the opportunity to respond thereto. The appeal must then be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
U.R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).